### WHITE v. RAILROAD COMPANY.

1. In action to recover damages for an injury done by defendant's train to plaintiff and his team at a railroad crossing, there being a conflict of testimony as to whether the engine had given the signal required by statute, the Circuit Judge erred in charging: "A man might lie down on the track and rely on being warned of the approach of the railroad train by the sounding of the whistle and the ringing of the bell; whereas if the law did not enjoin specifically those precautions on the part of the railroad company, the man might be guilty of negligence, and would not be on the lookout when he knew he was approaching a railroad crossing." What facts constitute gross negligence must be left to the jury.

2. The judge being requested to charge "that if the jury found from the evidence that the injury to the plaintiff was the result of an accident, without fault on the part of the railroad company or its servants. then the railroad company is not liable," he erred in adding: "that is, if there was no negligence at all established against the railroad com-

pany, the railroad is not liable," for the jury may have understood this qualification to mean that the defendant must be free from all fault, whether the cause of the injury or not.

3. There was no error in charging the jury: "The allegation of the complaint being negligence of a particular character, the injury to entitle the plaintiff to recover must be from negligence of that kind. That is contended for by the defendant and is sound law."

4. In charging the jury that the evidence to establish contributory negligence on the part of the plaintiff must be clear and convincing, there was no appealable error on the judge's part in failing to add that the evidence to establish negligence against defendant must also be clear and conclusive.

5. This court refused to impute error to a refusal of a new trial, where the motion was based on questions of fact, and excessive damages.

Before KERSHAW, J., Edgefield, March, 1888.

This was an action by Henry White against the Augusta and Knoxville Railroad Company to recover damages for injury done to himself, his wagon and team by defendant's moving train at a railroad crossing. The judge's charge to the jury was as follows:

Negligence is the ground of this action; it is on that ground that the plaintiff is to recover, if at all. Negligence is to be defined, the want of due care according to the circumstances. The want of due care—it is the doing of some act, or the omission of some duty, which ought not to be done or omitted by the party charged, under the peculiar circumstances which surrounded them at the moment when the trouble occurred. Now, there are different degrees of negligence. There is what is termed "gross negligence," and what is also termed "ordinary negligence"— negligence in the absence of such reasonable care and diligence as would have been exercised under the circumstances by a party of ordinary reason and prudence. "Gross negligence" is the absence of even slight care and diligence, such as ought to have been exercised by a person of less than ordinary reason and prudence. More care is required where the circumstances are very perilous and the danger is great, than where they are less so. What is due care? Due care must be measured and ascertained by reference to the circumstances, the imminence of the danger, whether it be great or less; as I have said, under some circum-

stances what would be due care, would not be due care under other circumstances.

The complaint in this case rests upon these charges : That the plaintiff was travelling on a public highway at or near a place called Modoc, and as he reached the crossing described there, that the defendant, the railroad, carelessly and negligently caused and allowed one of their locomotives with a train of cars attached thereto, to approach said crossing and then and there pass rapidly over the track, the said railroad having negligently and carelessly failed, omitted to erect a board at said crossing with the words printed or painted thereon: "Railroad Crossing. Look out for the cars while the bell rings or the whistle sounds," and having negligently and carelessly omitted while so approaching said crossing to give the signal by ringing the bell or sounding the steam whistle, or otherwise, by reason whereof the plaintiff was unaware of the approach of said locomotive and cars, and by reason of said carelessness and negligence the damages described ensued. You will see there is negligence imputed in the manner in which the locomotive approached the crossing, the manner in which it was run up to the crossing. Negligence and carelessness are imputed in that respect ; negligence and carelessness are imputed in the omission of the sign-board, and of the whistle as required by law ; and the allegation is that in consequence of such negligence and carelessness the plaintiff was damaged in the manner described. That is the ground upon which the plaintiff is to recover.: upon the ground of negligence in some one or more of the particulars alleged in the complaint. That is the case which the defendants here deny ; that is the case which the plaintiff is here to prove.

It will be seen the allegation is that the injuries sustained resulted from the negligence described in the complaint, and the injury to be recovered for must be such as is alleged—charged in the complaint, and proven to your satisfaction by the evidence, and not some other cause of negligence or absence of duty on the part of the railroad. In other words, the allegation of the complaint being negligence of a particular character, the injury, to entitle plaintiff to recover, must result from negligence of that

kind. That is contended for by the defendant, and it is sound law.

If there be any negligence on the part of the railroad company in the particulars imputed, in any of the particulars charged in the complaint, and such negligence caused or contributed to the injury of the plaintiff, then the defendant is liable, unless the plaintiff himself, by the absence of such care and diligence as was required of him under the circumstances, contributed to bring upon himself the calamity with which he seeks to charge the railroad company. Where there is contributory negligence on the part of the plaintiff, and the defendant is not alone charge-able with the result, but it is partly the fault of the plaintiff and partly of the railroad company, there can be no recovery. But what is contributory negligence depends upon the circumstances of each case, and it must be proven. If there be negligence on the part of the plaintiff, contributing to or causing the accident, it must be established; the evidence of contributory negligence must be clear and convincing before you can relieve the defendant from liability for his negligence; it must be established clearly and must be convincing to your minds that this kind of contributory negligence existed on the part of the plaintiff, or else you could not release or excuse the defendants from liability for their negligence.

The statute which has been read in your hearing requires that the railroad company—when it has omitted any of those duties required of the company by the statute, and an injury results in consequence of such omission, or if such omission contributes in any way to the injury, the statute requires in such cases that in order to relieve the company from liability by reason of the contributory negligence of the plaintiff, it must be gross negligence, not ordinary negligence, but greater negligence than ordinary negligence—must be gross negligence on his part in order to relieve the railroad company from liability. The statute has changed the law in that respect as a sanction or punishment to the railroad company for neglecting a duty required of them by statute. Ordinarily, in the absence of a statutory requirement, ordinary negligence on the part of the plaintiff would relieve the defendant from responsibility, but where the accident or injury

resulted from the omission of one of those duties required by
statute of the company, then ordinary negligence on the part of
the plaintiff would not excuse the company; the negligence would
have to be gross, there must be an absence of even slight care to
avoid the accident or the injury.

There is very good reason why the statute should change the
law in regard to this case, in that particular, so as to require gross
negligence to be proven against the plaintiff before the defendant,
where he has omitted one of those duties required by statute,
should be held liable; because, where the law requires a sign-board
and a sign-board is not placed there, and a whistle to be sounded
continuously or a bell to be rung continuously for five hundred
yards before the crossing is reached—when the statute requires
those precautions, a man travelling along a highway and approach-
ing a railroad crossing is not required to use the same care, he
has a right to rely upon the company performing their duty.
Where the law requires it of them plainly, he is not required to
use such care as he would be if the company was not required to
give those precautions. A man might lie down on the track and
rely upon being warned of the approach of the railroad train by
the sounding of the whistle or the ringing of the bell; whereas
if the law did not enjoin specifically those precautions on the
part of the railroad company, the man might be guilty of negli-
gence, and would not be on the look-out when he knew he was
approaching a railroad crossing.

That is about what I have to say to you on the question of
negligence; what negligence consists of; what degree of negli-
gence on the part of the plaintiff will excuse the defendant from
liability; and you are to apply those principles to the evidence
as you find it.

I have some "requests to charge" preferred by both the plain-
tiff and defendant. The defendant's requests are as follows: (I
charge them as I shall read them to you, slightly modified in
some particulars, and I shall ask you to consider them in the
light of the explanations which I have given you as to what neg-
ligence is; what is due care under certain circumstances; how
it is modified according to the circumstances; what is due care
in one case may not be due care in another): "If you find from

the evidence that the injury to the plaintiff was the result of an accident without fault on the part of the railroad company or its servants, then the railroad company is not liable"—that is, if there was no negligence at all established against the railroad company, the railroad company is not liable.

"If the jury find from the evidence that the plaintiff was travelling on a public highway which crossed the track of the defendant, at the time the accident occurred, that it was the duty of the plaintiff to use due diligence to look out for the train of the defendant."

"If the jury find from the evidence that the plaintiff did not use due care in looking out for the train of the defendant. and the injury to him occurred in consequence of the want of such care, that the plaintiff himself is guilty of negligence, and cannot recover in this action."

Gentlemen, that will be taken in connection with the degree of care which I have explained to you as being required of the plaintiff, according to the character of the negligence. If there is an omission—or if the negligence consist in an omission of a duty, which duty is not required by statute, then ordinary negligence on the part of the plaintiff would exonerate the defendant from liability, if he contributed to the accident; but if it consisted of an omission of one of those statutory requirements, then to relieve the company, the negligence on the part of the plaintiff must be gross negligence or wilful negligence.

"If the jury find from the evidence that there was negligence on the part of the railroad company, and that the plaintiff, by the use of" (due) "care" (due care according to the circumstances, you will understand), "could have avoided the injury, and did not, he is the author of his own wrong, and is not entitled to recover."

"In estimating damages it is proper that the jury should take into consideration the position in life of the plaintiff and his ability as a citizen to make money by mental as well as physical labor."

"Before the plaintiff can recover" (on the ground of the omission of the statutory requirements) "it must be shown not only that the defendant failed to have the proper sign-board and to

give the proper signals, but that such failure caused or contributed to the injury of the plaintiff."

"Even if it be proven to the satisfaction of the jury that the failure to have the proper sign-board, and to give the proper signals, contributed to the injury of the plaintiff, still, if Henry White was guilty of gross negligence in crossing the railroad track with his team, he cannot recover."

The following requests are preferred by the plaintiff, and I will charge them as they are written : "By the statute law of this State the railroad company is required to have a bell of at least 30 pounds weight and a steam whistle placed on each locomotive engine, and such bell shall be rung or such whistle sounded by the engineer or fireman at the distance of at least five hundred yards from the place where the railroad crosses any public highway or street or travelled place, and be kept ringing or whistling until the engine has crossed such highway or street, or travelled place."

"If the testimony satisfies the jury. the requirements of the act were not complied with, or imperfectly complied with, and such failure contributed to the casualty, then from such failure the jury can find that the defendants were negligent."

"If the testimony satisfies the jury that the plaintiff was injured in his person by collision with the engine or cars of the defendant at the crossing in question, and it appears that the corporation neglected to give the signals as required by section 1483" (which was read to you), "and that such neglect contributed to the injury, the defendant corporation is liable for the damages caused by the collision, unless it is shown that in addition to a mere want of ordinary care the person injured was at the time of the collision guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

"If the jury find from the testimony that the defendants are liable to the plaintiffs for damages for the injuries occasioned by the collision at their crossing, the plaintiff is entitled to receive at the hands of the jury compensation for the pain and bodily suffering which he has undergone, for the expense which he has been put to, for medical and other necessary attendance, and for

such pecuniary loss as the jury, having regard to his ability and means of earning money by his profession or occupation at the time, may think him reasonably entitled to, together with damages for the value of the property of plaintiff destroyed or injured by the collision."

The defendant appealed on the following exceptions:

1. The judge erred in charging the jury in these words: "The allegation of the complaint being negligence of a particular character, the injury, to entitle the plaintiff to recover, must be from negligence of that kind. That is contended for by the defendant, and is sound law"—the error being in the saying, that in order to recover, the negligence must be of the same *kind* as are the particular acts of negligence set out in the complaint, when, it is respectfully submitted, the law is, that the plaintiff can recover on the particular acts of negligence alleged, and on none other, whether of the same kind or not.

2. In charging the jury as follows: "The existence of contributory negligence" (on the part of plaintiff) "must be clear and convincing before you can relieve the defendant from liability for his negligence; it must be established clearly, and must be convincing to your minds that this kind of contributory negligence existed on the part of the plaintiff, or else you could not release or excuse the defendants from liability for their negligence." When, in the same charge the judge failed to say, that to establish acts of negligence on the part of defendant which caused or contributed to the injury, the evidence must also be clear and convincing. In other words, the jury were led to infer that the contributory negligence on part of the plaintiff must be established by one measure of proof, while the contributory negligence of the defendant might be established by another measure, and a lower order of proof.

3. In charging the jury, after explaining to them that where the statute required certain signals and warnings, a man approaching a crossing is not required to use the same care as if these statutory requirements did not exist, in the following words: "A man might lie down on the track and rely on being warned of the approach of the railroad train by the sounding of the

whistle and the ringing of the bell—whereas if the law had not enjoined specifically these precautions on the part of the railroad company, the man *might* be guilty of negligence, and would not be on the look-out, when he knew he was approaching a railroad crossing."

4. The judge erred in giving to the jury defendant's second request to charge in words as follows : "If you find from the evidence that the injury to the plaintiff was the result of an accident without fault on the part of the railroad company, or its servants, then the railroad company is not liable;" added these words: "That is, if there was no negligence at all established against the railroad company, the railroad company is not liable"—leaving it to be inferred by the jury that even if negligence of the company did not cause or contribute to the injury, the company was liable still.

5. The judge erred in giving defendant's third request to charge to the jury, to wit : "If the jury find from the evidence that the plaintiff did not use due care in looking out for the train of the defendant, and the injury to him occurred in consequence of the want of such care, that the plaintiff himself is guilty of negligence, and cannot recover in this action," by adding thereto, among other language, the following words: "If it" (*i. e.*, the negligence of the defendant) "consisted in an omission of one of those statutory requirements, then to relieve the company the negligence on the part of the plaintiff must be gross negligence, or wilful negligence," thereby leaving the jury to infer that the company was liable even if the negligence of the company did not cause or contribute to the injury.

6. The judge erred in allowing—over the objection of defendant, that the evidence in no manner tended to elucidate the issue—proof to be given that the crossing had been changed from where the casualty happened and carried higher up the railroad, and made more at right angles, when this alleged change was not made till February, 1888, 16 months after the accident.

7. The judge erred in refusing the grant of a new trial, the motion for which was duly made and entered, and when the evidence was clear that the negligences imputed to the company did

not contribute to the injury ; and that the injury was caused by plaintiff's wilfully determining to cross the track, when he had heard the whistle blow and heard the noise of the approaching train, in the hope to cross the track before the train, and when the verdict was excessive in amount and otherwise unconscientious and illegal.

*Messrs. Jos. Ganahl* and *Gary & Evans*, for appellant.

*Messrs. Sheppard Bros.*, contra.

March 1, 1889.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The respondent, while driving a two-horse wagon at a crossing of a highway over the defendant's railroad track near a place known as Modoc, was seriously injured in person, also in the destruction of the wagon, and great damage was done to the horses, by collision with the train; and the action below was brought to recover compensation for the damages done.   The verdict was for $4,000 in favor of the plaintiff.   The defendant has appealed upon exceptions to the charge and to modifications of requests to charge.   It will not be necessary to state these exceptions in full here; they can be found in the record.

We have read the charge very carefully, and when considered as a whole, it is an admirable presentation of the law of negligence, both generally and with reference to our statute, requiring certain things on the part of railroad companies at crossings; also as to contributory negligence in such cases.   We think it was erroneous, however, in one or two particulars, which, though apparently slight, are yet sufficient, in our opinion, to demand a new trial in a case like that before us here.

His honor, in charging the jury as to the degree of contributory negligence by the plaintiff, where the railroad had failed to comply with certain requirements necessary to exempt the company from responsibility, after stating that it should be gross negligence, said: "That a man might lie down on the track and rely on being warned of the approach of the railroad train by the sounding of the whistle and the ringing of the bell; whereas if

the law did not enjoin specifically those precautions on the part of the railroad company, the man might be guilty of negligence, and would not be on the lookout when he knew he was approaching a railroad crossing." This was in substance a charge as matter of law that the kind of negligence which would relieve the company, should be grosser than that indicated in the case stated by. him. In other words, it set up a standard to the jury with which they were to compare the case in hand, and by which they were to determine the degree of grossness which would exempt the company. Now, the statute provides that the contributory negligence necessary to exemption should be gross, but it nowhere specifies a state of facts which would amount to the degree required. Gross negligence is the absence of that kind of care which even the careless and indifferent would be expected to exercise under the existing circumstances. And this much might be charged as matter of law, but whether or not a particular state of facts would show the absence of this kind of care, would be a matter for the jury.

It seems to us that the judge invaded the province of the jury, when he presented to their minds the state of facts mentioned as a standard for their government in determining the question whether or not gross negligence by plaintiff was present in the case before them. Suppose the injury complained of by the plaintiff had happened under a state of facts like those mentioned by the judge, would it not have been error for the judge to have stated to the jury that this did not amount to gross negligence? Would not such a statement have been an invasion of the province of the jury? We think so. Suppose that the testimony below had shown that the plaintiff, after driving upon the track of the railroad, had deliberately stopped and remained thereon, relying upon the ringing of the bell or the sounding of the whistle to warn him of the approach of the train, would the judge have been warranted to charge either that this did or did not amount to gross negligence, such as would inculpate the plaintiff or exculpate the defendant? Certainly not, because such a charge would have taken from the jury the very question at issue, a question of fact, to wit, whether gross negligence was absent or present. For the same reason we

think the charge under discussion was erroneous, its tendency being to hamper the jury in its unquestioned right to determine the question at issue for itself.

Again. The defendant requested the judge to charge: "That if the jury found from the evidence that the injury to the plaintiff was the result of an accident, without fault on the part of the railroad company or its servants, then the railroad company is not liable." This was a correct proposition of law, and the defendant had the right to have it charged as requested, but his honor added the words: "That is, if there was no negligence at all established against the railroad company, the railroad is not liable." It is not entirely clear what his honor meant by these added words. He may have meant in substance as stated in the request, to wit: that if the company was without fault in causing the injury, the matter was an accident, and no responsibility attached. But he may have meant that it should appear that the company was free from all fault, as well such as might have caused the injury, as from all other; and this may have misled the jury. At all events, we think the defendant had the right to have his request charged as made. We see no error as imputed in the other exceptions.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, for the reasons stated above, and that the case be remanded.